BRIDGET LAHERTY, Appellant, *against* JAMES HOGAN, Respondent.

(Decided June 7th, 1886).

To entitle plaintiff to a recovery in an action for personal injuries from the bite of a dog kept by defendant, where there is no proof that the dog was of a savage and ferocious nature, actual knowledge or notice of the vicious habits or mischievous propensities of the animal must be brought home to defendant; and a charge to the jury that it is not necessary that defendant should know and see evidence of the viciousness of the dog, but if he might have seen it had he exercised prudence and care, that would give him notice, is erroneous.

APPEAL from a judgment of the General Term of the City Court of New York reversing a judgment of that court entered on the verdict of a jury and granting a new trial.

The action was brought to recover damages for injuries to the person of plaintiff, caused by the bite of a dog alleged to have been kept by defendant. At the trial the jury found a verdict for plaintiff, and a motion by defendant for a new trial was denied and judgment for plaintiff entered upon the verdict. From the judgment and the order denying his motion for a new trial defendant appealed to the General Term of the City Court, which reversed the judgment and ordered a new trial; and from this decision plaintiff appealed to this court.

*Charles Blandy* and *M. Untermeyer*, for appellant.

*Leeds & Morse*, for respondent.

ALLEN, J.—In order to make the owner or keeper of a dog liable in an action at the suit of a person who has been attacked and injured by such dog, it must be averred and proved that the defendant had knowledge of its mischievous propensities. The gist of this action is the keep-

ing of the dog after knowledge of its propensity to do mischief, and no action is maintainable without proof of such knowledge.

It is not necessary to cite authorities for this rule, for the reason that it is settled by decisions which have been uniform from the earliest times to the present day. In the case at bar, the plaintiff has alleged in her complaint that the dog was known to the defendant to be vicious, but no proof whatever was given on the trial of any such knowledge.

We think, therefore, that the defendant's motion for a nonsuit ought to have been granted for a failure of proof in support of scienter.

The court charged the jury, at the request of the plaintiff, that the vicious propensity of the dog can be gathered from surrounding circumstances, and that notice can be brought home to the defendant by effluxion of time. In other words, that it is not necessary that the defendant should know and see evidence of the viciousness of the dog; but if he might have seen it if he exercised prudence and care, that would give him notice. This was error. The doctrine of constructive notice has not been extended to actions of this description. The rule derived from all the cases is that actual knowledge of the vicious habits or mischievous nature of the animal, or notice of such habits or nature, must be brought home to the defendant.

The only case which appears to give some support to a different rule is *Earl* v. *Van Alstine* (8 Barb. 630), quoted in *Muller* v. *McKesson* (73 N. Y. 195), where the court say that proof that the animal is of a savage and ferocious nature is equivalent to express notice.

In *Muller* v. *McKesson* (*supra*), cited by the plaintiff's counsel, the dog was well known as an animal of great ferocity and is described in the opinion of the court as "a brute as savage as a tiger or a lion."

There was no proof in this case that the dog was of a savage and ferocious nature. All the questions involved in this case are discussed with care and ability in the opinion

of the Chief Justice of the court below. We think his views and decisions are in accordance with the law as settled.

The judgment of the General Term of the City Court must be affirmed and judgment absolute ordered for the defendant on the stipulation, with costs.

BOOKSTAVER, J., concurred.

Judgment affirmed, with costs.